UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY THOMAS,

    Petitioner,

v.

VICTOR CALLOWAY, Warden of the
Danville Correctional Center

    Respondent.

No. 19 C 2324

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

An Illinois state court jury found Anthony Thomas guilty of aggravated sexual assault. He is serving a 15-year sentence at the Danville Correctional Center in Illinois, in the custody of Warden Victor Calloway. Thomas is serving this sentence consecutive to another 15-year sentence he received after pleading guilty to a separate charge of aggravated sexual assault of a second victim. Thomas, pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The Warden answered the petition seeking its dismissal. R. 7. Thomas's petition is denied and the Court declines to issue a certificate of appealability.

---

[1] Rather than file a response to the Warden's answer, Thomas filed a motion for attorney representation due to what he describes as the "complicated response" from the Warden. *See* R. 13. There is no right to counsel in civil cases, including habeas corpus petitions. And the Court generally does not appoint counsel for habeas petitioners absent extenuating circumstances, such as when a hearing is required. The Warden makes arguments regarding procedural exhaustion and fair presentment which are well-settled doctrines. Appointment of counsel for Thomas would not change the outcome of his petition. So his motion for attorney representation is denied.

## Background

On direct appeal Thomas argued: (1) the admission of facts about his other sexual assault conviction violated 725 ILCS 5/115-7.3; (2) he was impermissibly punished for going to trial because he was offered a lower sentence prior to trial than he received after trial; and (3) his trial counsel was ineffective. *See* R. 8-1 at 28-29, 34, 40. The appellate court rejected claims (1) and (2) but remanded on the ineffective assistance of counsel claim. *See* R. 8-4 at 1 (¶ 1). Thomas filed a petition for leave to appeal with the Illinois Supreme Court on claims (1) and (2), which was rejected. *See* R. 8-5 at 2; R. 8-6 at 1-3.

The trial court held a hearing on the remanded ineffective assistance of trial counsel claim and denied the claim. *See* R. 8-10 at 1 (¶ 1). Thomas appealed, and the appellate court affirmed. *Id.* Thomas did not file a petition for leave to appeal with the Illinois Supreme Court on the ineffective assistance of counsel ruling.

Thomas also filed a post-conviction petition claiming: (1) the State suborned perjury by ignoring inconsistencies in the victim's statements prior to and at trial; (2) ineffective trial counsel for failure to preserve a perjury claim; and (3) ineffective appellate counsel for failure to raise the issue on appeal. *See* R. 8-11 at 7-8. The trial court dismissed the claims as frivolous and the appellate court affirmed. *See* R. 8-13 at 2-3 (¶¶ 4, 7). Thomas filed a petition for leave to appeal to the Illinois Supreme Court on ineffective assistance of appellate counsel, which was rejected. *See* R. 8-14 at 1-2. Thomas's petition for leave to appeal did not include any claim of ineffective assistance of trial counsel. *See* R. 8-14 a 2-11.

Generously construed, Thomas's habeas petition includes the following claims:

Ground 1: admission of other-crimes evidence for propensity purposes violated due process, R. 1 at 5;

Ground 2: consecutive sentences violated state law, *id.* at 6-7;

Ground 3: the prosecutor made inflammatory statements to the jury, *id.* at 10;

Ground 4: ineffective assistance of trial counsel for failing to (a) challenge the admission of O.L.'s testimony, *id.* at 16, (b) argue that petitioner's statement to police was obtained in violation of *Miranda*, *id.* at 17, (c) challenge the imposition of consecutive sentences, *id.* at 7, and (d) exclude biased jurors, *id.* at 21;

Ground 5: the trial court erred in failing to instruct the jury on lesser-included offenses, *id.* at 18, 20;

Ground 6: the evidence was insufficient because two witnesses (Dr. Khatoon and nurse Reyes) testified that their examinations of the victim revealed no tearing or swelling, *id.* at 18;

Ground 7: the jury was biased because some jurors stated they could not be impartial and some had family members who were Chicago police officers, *id.* at 20-21;

Ground 8: the prosecutor knowingly used false and inconsistent testimony from the victim, *id.* at 25; and

3

Ground 9: the trial judge was biased as evidenced by the fact that she granted all of the State's motions and denied all of petitioner's motions, *id.* at 20.

**Analysis**

Of the nine claims Thomas raises in his petition, he exhausted only grounds one and two through complete rounds of state court review. *See Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) ("A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review."). Grounds three and five through nine were never raised in the state court, and are denied for that reason. Thomas raised ground four—ineffective assistance of trial counsel—on both direct appeal and post-conviction proceedings, but he never raised it in a petition for leave to appeal to the Illinois Supreme Court. Thus, ground four is also denied for failure to exhaust.

Grounds one and two—arguing respectively that (1) "other crimes" evidence was impermissibly admitted, and that (2) Thomas should not have been given a sentence longer than the sentence offered before trial—were exhausted through complete rounds of state review. However, to the extent Thomas argues that the trial court violated state law in making these rulings, the claims are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal

court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("[E]rrors of state law in and of themselves are not cognizable on habeas review. The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene.").

However, if the "petition[er] draws enough of a connection between his rights to due process and the trial court's (alleged) [state law] errors," this can "render [the petitioner's] claim cognizable on habeas review." *Perruquet*, 390 F.3d at 512. To determine whether an issue is cognizable on habeas review, the Court "must consider whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016). The Seventh Circuit has "set forth four factors to consider in determining whether a petitioner has avoided default: (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; or (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 771. "All four factors need not be present to avoid default, and conversely, a single factor alone does not automatically avoid default." *Id.* Rather, the Court "must consider the specific circumstances of each case." *Id.*

5

Thomas has not met this standard. Both grounds one and two are expressly based on violations of state law. Thomas never argued in state court that these violations of state law rise to the level of federal due process violations. Thomas does not argue otherwise now. And even if he had made such an argument, it would be baseless. Thomas did not in any way cite or implicate a specific constitutional right in his state court briefing. Nor did he cite federal or state cases applying a constitutional analysis in his state court briefing. Indeed, his state court papers did not even touch on broader principles of constitutional due process. His claim about unfair sentencing does not implicate the fairness of his trial. While his claim about improper admission of other crimes evidence might implicate the fairness of his trial, any such argument in Thomas's state briefing was made only in passing, and even then only in relation to his state law claim. *See Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001) (a "mere 'passing reference' to a constitutional issue certainly does not suffice"). He never argued that the violations of state law constituted violations of his federal constitutional rights, as is required to fairly present the issue. *See Verdin v. O'Leary*, 972 F.2d 1467, 1475 (7th Cir. 1992) (cautioning against the "special danger" of claims made in state court that "may well present the echo of a federal claim while still not alerting the state court to the federal nature of the claim"); *see also id.* ("A federal constitutional claim may be 'inherent' in the facts, but not recognizable as such without further elaboration.").

Even if Thomas had alerted the state court to the constitutional nature of these claims, they fail on the merits. For the claims to be meritorious, Thomas would have

to show that the trial court's decisions were either (i) "contrary to," (ii) "an unreasonable application of," (iii) an "unreasonable extension of," or (iv) an unreasonable refusal to extend, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016).

The Court is not aware of any constitutional right that a sentence imposed after trial be no longer than the sentence offered in exchange for a guilty plea. Neither does admission of "other crimes" evidence implicate the constitution. *See Lieberman v. Washington*, 128 F.3d 1085, 1095 (7th Cir. 1997) (recognizing defendant's history of prior assaults on other women as *modus operandi* evidence); *Butler v. Richards*, 947 F.2d 948 (7th Cir. 1991) ("The questioning concerning other crimes did not create a fundamentally unfair trial separately or when considered cumulatively with the threat testimony."). Therefore, grounds one and two are also insufficient bases to grant the petition.

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). For the reasons discussed, Thomas has not made such a showing. Accordingly, certification of Thomas's claim for appellate review is denied.

## Conclusion

Therefore, Thomas's petition is denied and the Court declines to issue a certificate of appealability.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 12, 2019